The opinion of the court was delivered by
Mr. Justice Evans.
This was an action of trover, to recover the value of two'negroes; The negroes were once the property of one Sealy, the former husband of Mrs. Fogartie. Sealy conveyed them, duriug coverture, to James M. Lowry, in trust for Mrs. Fogartie, then Mrs. Sealy. Sealy was indebted to Hubbell, who sued the defendants, after their inter, marriage; and recovered against them, as executors de son tort. Upon this recovery, he issued his execution de bonis testatoris, vel si ñon de bonis pro'priis. The sheriff seized on these negroes and sold them. The defendant became the purchaser, and the plaintiffs sued Mm to recover their value. The negroes remained in Sealy’s possession during his life, and since in the possession of the plaintiffs. On the trixl there was a verdict for the plaintiffs, and defendant has made a motion in this court, for a hew trial, on various grounds. But as the opinion of the court turns on the third only, no opinion is intended to be expressed on the others. This ground involves the question, whether the plaintiffs can recover against the defendant^ who is a purchaser at sheriff’s sale, of their title to these very ne-groes. To determine this question, it seems to me to be only neces. sary to inquire, what is the effect of a sheriff’s sale. It is to transfer all the title of the defendants iu the action to the purchaser. The sheriff is the agent appointed by law for this purpose. It is said the legal astute is in Mr. Lowry. That may be true, and Lowry, perhaps, may have a right of action against the defendant. The only title which the plaintiffs had, was their possession. A title by posses-. sion is sufficient to maintain trover; but such a title is also the subs- *29 ■jpct of levy and sale by the sheriff. The only grounds on which it is preteuded this action could be maintained by these plaintiffs, is, that the negroes were in their possession before the levy and sale ; but this possessory title, if such it tnay be called, had been divested by the sheriff’s sale, and transfered to the defendant. There remained, therefore, no legal title in the plaintiffs, which would enable them to bring this action; and a new trial is therefore ordered.
J. J. EVANS.
We concur,
J. S. RICHARDSON,
DAVID JOHNSON,
A. P. BUTLER.
I conceive that upon the third ground, a new trial should be granted. Whatever legal interest the plaintiffs, or either oí them, had, passed to the defe ¡da lit, under the sheriff’s sale, and they are not now at liberty in an action by themselves, to say that they had no title. But if they were, in shewing that they had not title, this action must be defeated. I. however, go further than my brother Evans, and hold that on the second ground, the plaintiffs were precluded from recovering. The recovery against Fogartie and wife, for the loss of the latter, while sole, in intermeddling with the goods of the deceased Sealy, made it her debt: and under the execution, her property might be sold. The negroes sold were conveyed to Lowry, in trust, for her sole and separate use, during her life, and after her decease to the children of D. Sealy and of E. A. Sealy, if any, and if none, to the said E. A. Sealy, and her heirs, not subject to the debts of her present or any future husband. Under this trust, the negroes were in possession of Mrs. F. during her marriage with Sealy, and also during the time she was feme sole. While she was co-yert, (the wife of Sealy,) the trust continued, and the legal estate was in the trustee : when she became discovert, the trust was executed, and the estate absolute in her, for, as I understand, thsre was no issue of her marriage with Sealy. The property while ahe was sole, was subject to her debts, and after her marriage the same liability continued ; for I hold that marriage does not discharge the wife’s liability to her debts. It only makes the husband -also liable during coverture ; so that if at law, the negroes were rightly considered her separate estate, they might be sold under the ex ecu. (ion. According to Gist vs. Porcher, decided February, 1832, at this place, the estate of the wife, under the trust deed in the ne. groes, was liable to sale while she was a feme sole. If this be so, it follows that they may be sold for her debt or tort, while sole, under judgment and execution, for the sum recovered against her and her second husband, Fogartie. The provision in the deed, that the negroes shall not be liable to the debts of her future husband, is a subsisting trust ia favor of her, which the court of equisy would set up and make this her estate separate from his, and thus enforce the provision in th& ised. But a court of law cannot notice it. So as soon as the trust was- *30 ended and executed, at the death of the first husband, the legal and equitable estate both united in the wife; and for the purposes'of a case at law, the estate in the negroes would be regarded as that of the husband, and in that point of view, also, the sale was regular, and ■defeats the present action.
JOHN B. O’NEALL.
I concur,
HENRY W. DESAUSSURE.